JOURNAL ENTRY AND OPINION
{¶ 1} Appellant M.Z.[1] ("Mother") appeals from a decision of the Cuyahoga County Court of Common Pleas Juvenile Division, which terminated her parental rights and granted permanent custody of her children, A.P. and S.P., to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the following reasons, we affirm. The record supplied to us on appeal reveals the following: On February 15, 2001, CCDCFS filed a complaint alleging that A.P. and S.P were neglected. Specifically, the complaint alleged that M.Z. abused drugs, which interfered with her ability to care for the children.
 {¶ 2} On July 11, 2001, A.P. and S.P. were adjudicated neglected and placed into the temporary custody of CCDCFS and placed into the home of the paternal grandparents. A case plan was instituted for purposes of pursuing reunification of the children with M.Z.
 {¶ 3} On August 16, 2002, CCDCFS filed a motion to modify the temporary custody of A.P. and S.P. to permanent custody.
 {¶ 4} On June 3, 2003, trial began. M.Z., though properly served, did not appear for trial because she was in jail. The father, C.S.P., agreed to permanent custody of the children to CCDCFS.
 {¶ 5} Next, testimony was heard from CCDCFS social worker Ada Jones. She testified that she became involved with M.Z. and the children in March 2001 after a referral that the children were being neglected and left alone on several occasions. She testified that she developed a case plan for M.Z., which included drug and alcohol treatment. She testified that M.Z. refused to enter a treatment program and has failed all of her drug screens. Finally, she testified that the children are doing very well in their placement with the paternal grandparents and that the grandparents are interested in adopting the children.
 {¶ 6} The guardian ad litem ("GAL") for the children was not present at the trial, but filed a written report recommending that permanent custody be granted to CCDCFS.
 {¶ 7} After considering the evidence and testimony, the court granted CCDCFS' motion for permanent custody. M.Z. now appeals and sets forth three assignments of error for our review, which we will address in the order asserted and together where it is appropriate for discussion.
 {¶ 8} "I. The trial court violated [M.Z.'s] State and Federal due process rights by terminating [M.Z.'s] parental rights when the decision was against the manifest weight of the evidence.
 {¶ 9} "II. The trial court abused its discretion when it granted the appellee's motion to modify temporary custody to permanent custody because appellee failed to provide clear and convincing evidence that permanent custody was in the best interest of the children as required by Ohio Revised Code Section2151.414."
 {¶ 10} In these assignments of error, M.Z. contends that the trial court erred when it granted permanent custody of her children to CCDCFS in the absence of clear and convincing evidence and when it determined that her children could not be placed with her in a reasonable amount of time. CCDCFS maintains the court did not abuse its discretion when it determined the best interest of the children would be served by granting CCDCFS permanent custody. The issue presented here concerns the permanent custody of the children.
 {¶ 11} In considering an award of permanent custody, the court must first determine whether, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody. R.C. 2151.414(D). In determining the best interest of the child during the permanent custody hearing, the court must consider the factors listed in R.C. 2151.414(D), which include the reasonable probability the child will be adopted, the interaction of the child with the child's parents, siblings, and foster parents, the wishes of the child, the custodial history of the child, and the child's need for a legal secure permanent placement.
 {¶ 12} Here, the record reveals that the children have lived with the paternal grandparents since March 2001 and are doing very well. The paternal grandparents have also expressed an interest in adopting the children. In addition, the guardian ad litem recommended that permanent custody be granted. Accordingly, there is clear and convincing evidence that supports the trial court's determination that permanent custody is in the best interest of the children.
 {¶ 13} In addition to determining the child's best interest, the court must make a second determination before granting permanent custody: it must determine whether the child can be placed with a parent within a reasonable time or should not be placed with the parent. R.C. 2151.414(B)(1)(a). The court is required to enter a finding that the child cannot be placed with a parent within a reasonable time if any factors set forth in R.C. 2151.414(E) apply, including the following:
 {¶ 14} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 15} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *;
 {¶ 16} "* * *
 {¶ 17} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;"
 {¶ 18} Here, the trial court enumerated R.C. 2151.414(E)(1), (2) and (4) as applicable to the children. First, the trial court found that the parents had demonstrated a lack of commitment toward the children by failing to regularly support, visit, or communicate with the children when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the children. The evidence at trial showed that the children have lived with their paternal grandparents since March 2001. There was no evidence that M.Z. visited with her children during this time. Indeed, at the time of trial, M.Z. was incarcerated. The father has consented to permanent custody.
 {¶ 19} Next, the trial court found that M.Z. had a severe and chronic drug addiction, which prevented her from providing adequate parental care for the children now, or in the foreseeable future. The evidence at trial showed that M.Z. refused to attend a drug treatment program to address her addiction and failed several urine screens.
 {¶ 20} Finally, the trial court found that M.Z. had failed continuously and repeatedly to substantially remedy the conditions causing the children to be removed from the home. Specifically, the court found that M.Z. failed to comply with the case plan. At the time of trial, M.Z. had not attended parental education classes or drug treatment programs and failed all of her drug screens. Accordingly, the trial court's determination that the children could not be placed with M.Z. within a reasonable time is supported by clear and convincing evidence.
 {¶ 21} We find that the trial court made its findings according to the statutory guidelines of R.C. 2151.414 and that these findings are supported by clear and convincing evidence. Therefore, M.Z.'s first and second assignments of error are overruled.
 {¶ 22} "III. The trial court committed reversible error by proceeding to trial when the attorney/guardian ad litem for [A.P. and S.P.] was not present for the trial held on the motion to modify temporary custody to permanent custody thereby denying the children their right to counsel provided under Juvenile Rule 4."
 {¶ 23} In her third assignment of error, M.Z. argues that the trial court abused its discretion and violated her children's right to counsel by holding the dispositional hearing without the GAL. In response, CCDCFS claims that M.Z. is not entitled to assert her children's right to counsel. We agree with CCDCFS.
 {¶ 24} Parents have standing to appeal an error committed against their children only if the error is prejudicial to the parents' rights. In re Smith (1991), 77 Ohio App.3d 1, 13. Here, there is no indication in the record that the children wished to be reunified with M.Z. Indeed, their attorney and GAL filed a written recommendation for permanent custody. Since there is no evidence in the record to suggest that the GAL expressed anything but the children's wishes, i.e., that the children did not desire to be reunified with their mother, M.Z. cannot demonstrate that she was prejudiced by the absence of the GAL at the dispositional hearing.[2] Id.
 {¶ 25} Moreover, M.Z. waived any claim of error by failing to object to the GAL's absence from the dispositional hearing. SeeIn re Garvin (June 15, 2000), Cuyahoga App. Nos. 75329, 75410. Under the circumstances of this case, we decline to find plain error because there is no reason to conclude that the outcome of the trial would have been different if the GAL had not been absent. The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Karpinski, J., Concur.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.
[2] Attorney Raymond Froelich was appointed in the dual capacity of guardian ad litem and counsel for the two minor children. The role of the GAL is to investigate the child's situation and then advise the court of what he believes is in the child's best interest. In re Baby Girl Baxter (1985),17 Ohio St.3d 229, 232. The role of the attorney, on the other hand, is to advocate for the child's wishes within the bounds of the law. Id. An attorney may serve in a dual capacity only if there is no conflict between the roles. Juv.R. 4(C)(1).