[Cite as *Boals v. Miller*, 2011-Ohio-1470.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ASHLEY C. BOALS | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-COA-039 |
| AARON L. MILLER | : | |
| | : | |
| | : | |
| Respondent-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Ashland County Court of
                               Common Pleas, Case No. 10-DMV-075



JUDGMENT:                      AFFIRMED IN PART; REVERSED IN
                               PART; REMANDED



DATE OF JUDGMENT ENTRY:        March 23, 2011



APPEARANCES:

For Appellant:                          For Appellee:

ERIC W. BREHM                           No Appearance
604 E. Rich St.
Columbus, OH 43215

*Delaney, J.*

{¶1}    Respondent-Appellant Aaron L. Miller appeals the judgment of the Ashland County Court of Common Pleas granting a civil protection order to Petitioner-Appellee Ashley C. Boals.

{¶2}    This case comes to us on the accelerated calendar.  App. R. 11.1, which governs accelerated calendar cases provides, in pertinent part:

{¶3}    "(E) Determination and judgment on appeal.

{¶4}    "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶5}    "The decision may be by judgment entry in which case it will not be published in any form."

{¶6}    This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶7}    Pursuant to App. R. 18(C), this Court will accept Appellant's statement of the facts and issues as correct as a result of Appellee's failure to file a brief.

{¶8}    Appellee filed a petition for a domestic violence civil protection order ("CPO") on April 9, 2010 with the Ashland County Court of Common Pleas.  The trial court issued an *ex parte* CPO and set the matter for a full hearing on April 21, 2010. Appellant was served with the *ex parte* CPO.

{¶9}    The full hearing went forward on April 21, 2010 before the Magistrate. Appellee and Appellant proceeded *pro se.*  Appellee called three witnesses to testify

regarding bruising they observed on her body while she was dating Appellant. The witness testified they observed bruising but never witnessed Appellant strike Appellee.

{¶10} Appellee testified that she began dating Appellant on February 14, 2006. She stated that she resided with Appellant for a while. Appellant and Appellee took recreational drugs and consumed alcohol together. In 2006, Appellee testified that she and Appellant had a physical fight that resulted in Appellant taking her to the hospital. When Appellant and Appellee broke up, Appellant told Appellee to leave his house but she refused to leave without her belongings. Appellant picked her up and threw her on the deck. When she refused to leave the deck, Appellant poured buckets of cold water on her.

{¶11} Appellee testified that Appellant and Appellee had been broken up for over a year. The parties, however, remained in contact with one another though text messaging and Facebook. It was because of an exchange of messages on Facebook that Appellee filed the petition for the CPO. Appellant stated in the message that, "* * * karma is going to bite you or your daughter bad!" Appellee was concerned that Appellant had brought Appellee's daughter into their dispute.

{¶12} Appellant testified that the physical confrontation in 2006 was a result of Appellant trying to restrain Appellee because she was out of control and destroying his personal property. Appellant denied that Appellee resided at Appellant's home in that she was not on the lease or living with him, but rather she stayed there "24/7." Appellant admitted that he threw Appellee out of his house and threw buckets of cold water on her.

{¶13} At this point in the proceedings, Appellant requested a continuance so that he could obtain witnesses and legal counsel. The Magistrate denied the motion.

{¶14} At the conclusion of the hearing, the Magistrate granted the CPO for a term of five years. The Magistrate informed Appellant that he was restricting Appellant from possessing a firearm and consuming alcohol. The Magistrate stated that the prohibition against consuming alcohol was standard for every CPO the court issued because the incidents were typically because of drugs or alcohol.

{¶15} Appellant filed objections to the Magistrate's Decision on May 6, 2010. The trial court overruled Appellant's objections on November 5, 2010. The trial court did modify the CPO to allow Appellant consume alcohol for religious purposes.

{¶16} It is from this decision Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶17} Appellant raises four Assignments of Error:

{¶18} "I. THE TRIAL COURT DID ERR BY FINDING THE RESPONDENT ENGAGED IN DOMESTIC VIOLENCE AGAINST THE PETITIONER.

{¶19} "II. THE TRIAL COURT DID ERR BY PROHIBITING RESPONDENT FROM CONSUMING ALCOHOL.

{¶20} "III. THE TRIAL COURT DID ERR BY DENYING RESPONDENT'S REQUEST FOR A CONTINUANCE TO OBTAIN WITNESSES AND LEGAL COUNSEL.

{¶21} "IV. THE TRIAL COURT DID ERR BY ORDERING THE RESPONDENT NOT TO USE, POSSESS, CARRY, OR OBTAIN ANY DEADLY WEAPON."

**I.**

{¶1}    Appellant argues in his first Assignment of Error that the trial court abused its discretion in granting the CPO.  We disagree.

{¶2}    The petitioner bears the burden of proof in an action for a civil protection order, to demonstrate by the preponderance of the evidence the petitioner and/or the petitioner's family or household members are in danger of domestic violence.  *Felton v. Felton* (1997), 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph 2 of the syllabus.

{¶3}    R.C. 3113.31, the statute governing petition orders concerning domestic violence, defines domestic violence as the occurrence of one or more of the following acts against a family or household member: "(a) Attempting to cause or recklessly causing bodily injury or (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code * * *."

{¶4}    The decision whether to grant a civil protection order is within a trial court's discretion, and an appellate court may not reverse the decision absent an abuse of discretion.  *Olenik v. Huff,* Ashland App. No. 02-COA-058, 2003-Ohio-4621, at paragraph 21.  The Supreme Court has repeatedly defined the term abuse of discretion as the decision is unreasonable, arbitrary, or unconscionable.  See, e.g., *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶5}    When an appellant argues a finding of domestic violence, upon which a civil protection is based, is against the manifest weight of the evidence, we must determine whether the court's decision is supported by sufficient, competent, and credible evidence.  A judgment that is supported by competent and credible evidence

going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris v. Foley Construction Company* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus by the court. We must give deference to the findings of the trial court because the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to weigh the credibility of the testimony. *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.

{¶6} Appellant first argues the trial court erred in finding that domestic violence had occurred because Appellant and Appellee were not family or household members under R.C. 3113.31. Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." The record demonstrates that although Appellant filed objections to the Magistrate's decision, Appellant failed to raise this issue. Accordingly, Appellant has waived all but plain error on appeal with respect to this matter.

{¶7} The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." See *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 122, 1997-Ohio-401, 679 N.E.2d 1099. Upon review of the record, we find no plain error in this case as to that issue.

{¶8}   Appellant next argues that the trial court erred in granting the CPO because Appellee failed to establish a reasonable fear of imminent physical harm.  We disagree.  In *Bahr v. Bahr*, Ashland App. No. 03 COA 011, 2003-Ohio-5024, ¶ 29, we held, "the reasonableness of [a petitioner's] fear of imminent serious physical harm may not be determined by incidents of prior domestic violence absent an initial, explicit indication that she was in fear of imminent serious physical harm on the date contained in the petition."  Appellee listed April 9, 2010 as the date in the petition that she received the perceived threatening messages from Appellant through Facebook.   Appellee testified that based on her past violent experiences with Appellant, the messages on Facebook and the mentioning of her daughter put her in fear of imminent physical harm.

{¶9}   Based upon the record, we find there to be competent, credible evidence to support the trial court's finding the domestic violence occurred pursuant to R.C. 3113.31.

{¶10}  Appellant's first Assignment of Error is overruled.

**II., IV.**

{¶11}  Appellant argues in his second and fourth Assignments of Error that the trial court abused its discretion when it prohibited Appellant from consuming alcohol and from using, possessing, carrying, or obtaining any firearm or deadly weapon for the duration of the CPO.  We agree.

{¶12}  In *Mann v. Sumser*, Stark App. No. 2001CA00350, 2002-Ohio-5103, this Court analyzed whether a trial court erred when it prohibited a respondent from possessing, using, carrying, or obtaining a firearm or deadly weapon for three years, the duration of the CPO.  The respondent argued that the additional restriction was not

supported by the evidence and a violation of R.C. 2903.214(E)(1), the statute governing civil stalking protection orders.

{¶13} R.C. 2903.214(E)(1) states: "After an ex parte or full hearing, the court may issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order, *including, but not limited to,* a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member.  If the court includes a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member in the order, it also shall include in the order provisions of the type described in division (E)(5) of this section."  (Emphasis added.)

{¶14} In *Mann*, we stated that R.C. 2903.214(E) permits the court to issue any protection order containing terms designed to insure the safety and protection of the subject.  Id. at ¶34, citing *Spence v. Herbert* (July 30, 2001), Licking App. No. 00CA93. We found that because the petitioner testified that the respondent threatened to shoot her and her family, the evidence supported the trial court's restriction regarding firearms/deadly weapons.  Id.

{¶15} R.C. 3113.31(E)(1)(h), the statute governing domestic violence civil protection orders, permits the court to add restrictions to a CPO, provided that the additional restrictions are "equitable and fair."  We find the analysis in *Mann* to be analogous to a standard the Third District Court of Appeals has used to determine whether a condition of a CPO granted under R.C. 3113.31 is unduly restrictive.

{¶16}   In *Maag v. Maag* (Mar. 28, 2002), Wyandot App. No. 16-01-16, the Third Appellate District held that the "restrictions [in a CPO] must bear a sufficient nexus to the conduct that the trial court is attempting to prevent." The court utilized a standard similar to that set by the Ohio Supreme Court in *State v. Jones*, (1990), 49 Ohio St.3d 51, 550 N.E.2d 469, that employed an abuse of discretion standard to determine whether a condition of probation was unduly restrictive, i.e. the "reasonableness test."[1]

{¶17}   Other Appellate Districts have applied the nexus test as set forth in *Maag*, supra, to analyze whether a condition of a CPO, such as prohibiting the consumption of alcohol or the possession of firearms, is unduly restrictive. See *Gaydash v. Gaydash*, 168 Ohio App.3d 418, 2004-Ohio-4080, 860 N.E.2d 789 (9th District Court of Appeals); *Sistek v. Gredence*, Lake App. No. 2005-L-212, 2006-Ohio-4169; *Butcher v. Stevens*, Athens App. No. 08CA18, 2009-Ohio-1754; *Doran v. Doran*, Warren App. No. CA2009-05-050, 2009-Ohio-5521; and *Hoyt v. Heindell*, Lake App. Nos. 2009-L-151, 2009-L-152, 2010-Ohio-6058. In analyzing whether a sufficient nexus exists to warrant the prohibition of the conduct, the courts look to the evidence in the record to find competent, credible evidence of the conduct the trial court is attempting to prevent. This is the method this Court utilized in *Mann*, supra, to determine that a prohibition on possessing firearms was supported by the evidence in the record.

{¶18} We first find the trial court abused its discretion when it prohibited Appellant from possessing firearms because the evidence in the record does not support the restriction. Unlike *Mann*, supra, there is no evidence in the record that

---

[1] *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, reaffirmed the use of the reasonableness test in *State v. Jones*, supra, to determine whether the trial court abused its discretion in setting a condition of probation.

Appellant threatened Appellee with a deadly weapon.  See *Newhouse v. Williams,* 167 Ohio App.3d 215, 2006-Ohio-3075, at ¶ 16.

{¶19}  We next address the trial court's restriction on Appellant's consumption of alcohol.  The magistrate stated that it was a standard practice for the trial court to prohibit the consumption of alcohol when it issues a CPO because the conflict between the parties is often generated by the use of alcohol and drugs.  While this is almost certainly an accurate observation, we must look to the evidence to determine whether there is a sufficient nexus to the conduct to be prevented and the proposed restriction.  We find the record shows the parties did engage in drug use and alcohol consumption; however, the majority of the testimony was regarding Appellee's alcohol use and the resulting conflicts, rather than Appellant's.  We find the evidence in the record does not support the restriction on Appellant's consumption of alcohol for five years.

{¶20}  Accordingly, Appellant's second and fourth Assignments of Error are sustained.

**III.**

{¶21}  Appellant argues in his third Assignment of Error that the Magistrate erred in denying his motion for continuance during the full hearing so that he could obtain witnesses and legal counsel.

{¶22}  R.C. 3113.31(D)(2) states:

{¶23}  "* * *The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing.  The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division.  Under any of the following circumstances or for any of the following

reasons, the court *may* grant a continuance of the full hearing to a reasonable time determined by the court:

{¶24} "(i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.

{¶25} "(ii) The parties consent to the continuance.

{¶26} "(iii) The continuance is needed to allow a party to obtain counsel.

{¶27} "(iv) The continuance is needed for other good cause."    (Emphasis added).

{¶28} The decision to grant or deny a motion to continue is a matter entrusted to the broad discretion of the trial court.  *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 9, 615 N.E.2d 617.  Appellant was served with the *ex parte* domestic violence civil protection order that set the date of the full hearing, putting Appellant on notice of the proceedings. Appellant requested a continuance to obtain witnesses and legal counsel near the conclusion of the full hearing.  (T. 44).

{¶29} We find no abuse of discretion and overrule Appellant's third Assignment of Error.

{¶30} Accordingly, the judgment of the Ashland Court of Common Pleas is affirmed in part and reversed in part.  The matter is remanded to the Ashland Court of Common Pleas for further proceedings consistent with this opinion and judgment entry.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN

[Cite as *Boals v. Miller*, 2011-Ohio-1470.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ASHLEY C. BOALS | : | |
| | : | |
| | : | |
| Petitioner-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| AARON L. MILLER | : | |
| | : | |
| | : | Case No. 10-COA-039 |
| Respondent-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings consistent with this opinion and law. Costs split between Appellant and Appellee.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN