[Cite as *Cee v. Stone*, 2017-Ohio-8687.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

ALEXA CEE,                                          CASE NO. 14-17-06

    PETITIONER-APPELLEE,

    v.

BRETT STONE,                                        O P I N I O N

    RESPONDENT-APPELLANT.

**Appeal from Union County Common Pleas Court**
**Trial Court No. 17-DR-0007**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  November 27, 2017**

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

**WILLAMOWSKI, J.**

{¶1} Respondent-appellant Brett Stone ("Stone") brings this appeal from the judgment of the Court of Common Pleas of Union County granting a civil protection order ("CPO") to petitioner-appellee Alexa Cee ("Cee"). On appeal, Stone claims that 1) the trial court erred in upholding the CPO and 2) in restricting his right to bear arms. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On January 6, 2017, Cee filed a petition for an ex parte CPO, which was granted by the trial court. Doc. 1 and 2. A full hearing on the petition was held on January 18, 2017. Tr. 4. Following the hearing, the magistrate granted the CPO, which included restrictions on Stone's right to possess a firearm and to consume alcohol. Doc. 16. Stone filed objections to the magistrate's decision, arguing that the magistrate erred in granting the CPO, erred in restricting his right to possess a firearm, and erred in restricting his consumption of alcohol. Doc. 36. On April 13, 2017, the trial court overruled the objections regarding the granting of the CPO and the restrictions on the right to possess a firearm. Doc. 37. However, the trial court granted the objection regarding the restriction on the consumption of alcohol and amended the CPO to reflect the change. Doc. 37 and 38. Stone filed a timely notice of appeal from the trial court's judgment. Doc. 48. On appeal, Stone raises the following assignments of error.

**First Assignment of Error**

**The trial court erred when it upheld the [CPO].**

**Second Assignment of Error**

**The conditions of the [CPO] prohibiting [Stone] from possessing, using, carrying or obtaining a deadly weapon and requiring [Stone] to turn over his deadly weapons and carry conceal weapon license is an abuse of discretion, not supported by the evidence, and violates [Stone's] second amendment right to bear arms.**

This court notes that the appellee has chosen not to file a brief in this case.

*Propriety of the CPO*

{¶3} In the first assignment of error, Stone claims that the trial court erred by granting Cee's petition for a CPO. When reviewing a trial court's decision to grant a CPO, the decision will not be reversed absent a showing of an abuse of discretion. *Holloway v. Parker*, 3d Dist. Marion No. 9-12-50, 2013-Ohio-1940, ¶ 18. "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound." *Id.* An abuse of discretion will not be found if the record presents some competent, credible evidence to support the trial court's decision. *Id.*

{¶4} A petitioner for a domestic violence CPO must show by a preponderance of the evidence that the petitioner or the petitioner's family members are in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 42, 1997-Ohio-302, 679 N.E.2d 672. "Domestic Violence" is defined in pertinent part as "the

occurrence of one or more of the following acts against a family or household member: (a) Attempting to cause or recklessly causing bodily injury; (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of [R.C. 2903.211 or 2911.211.]" R.C. 3113.31(A)(1). The statute defines a girlfriend, who is or has cohabitated with her boyfriend, as a "person living as a spouse" and thus, is a household member. R.C. 3113.31(A)(3-4). The statute provides that the victim of the domestic violence may seek relief by requesting a CPO. R.C. 3113.31(C). The statute also provides that if the trial court issues a CPO, the court must provide the parties with the following notice.

> **NOTICE**
>
> **As a result of this order or consent agreement, it may be unlawful for you to possess or purchase a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to federal law under 18 U.S.C. 922(g)(8). If you have any questions whether this law makes it illegal for you to possess or purchase a firearm or ammunition, you should consult an attorney.**

R.C. 3113.31(F)(2).

{¶5} A review of the record in this case shows that Cee testified that on multiple occasions, Stone had caused physical injury to her. At the time of the injuries, she was residing with Stone. Cee testified that when she tried to leave Stone, he became angry and started throwing her things outside, so she went to Stone's brother's home. Tr. 26. When Cee refused to come out and talk to Stone, he started striking her vehicle, denting it and breaking the windshield. *Id.* Cee

testified that based upon her history with Stone, she was "scared of him". *Id.* She also indicated that she was afraid he would injure her dog. *Id.* When Cee was admitted to the hospital to seek help for suicidal tendencies, Stone kept calling her even though she repeatedly stated she did not want to see him or talk to him. Tr. 26-28. On rebuttal Cee testified that she did not feel like she could leave, that Stone was violent towards her when she tried to leave and that she was "scared for her life". Tr. 76-77. As there was some competent, credible evidence that Stone had attempted to cause physical injury to Cee and that Cee was in fear of imminent serious physical harm, this court does not find that the trial court abused its discretion in granting the CPO. The first assignment of error is overruled.

*Firearm Restrictions*

{¶6} In the second assignment of error Stone argues that the trial court erred by restricting his right to possess firearms when there was no nexus between the restriction and the allegations that led to the CPO. After a full hearing, a trial court may grant a protection order that may set forth the following conditions relevant to this case.

> **(a) Direct the respondent to refrain from abusing * * * the family or household members;**
>
> **\* \* \***
>
> **(g) Require the respondent to refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member;**

> **(h)  Grant other relief that the court considers equitable and fair, including, but not limited to, ordering the respondent to permit the use of a motor vehicle by the petitioner or other family or household member and the apportionment of household and family personal property;**
>
> **(i)  Require that the respondent not remove, damage, hide, harm, or dispose of any companion animal owned or possessed by the petitioner.**

R.C. 3113.31(E)(1).  The Ohio legislature has not made it a requirement that any respondent who is subject to a CPO be restricted from possessing a firearm.[1]

{¶7} This court has previously addressed the imposition of additional restrictions in a CPO in the case of *Maag v. Maag*, 3d Dist. Wyandot No. 16-01-16, 2002-Ohio-1401.  "While R.C. 3133.31 affords trial courts discretion in imposing restrictions corresponding to a CPO, this discretion is not limitless."  *Id*. at *3.  "[R]estrictions must bear a sufficient nexus to the conduct that the trial court is attempting to prevent."  *Id*.  This court has applied the requirement that the restriction on the right to bear arms be related to the conduct in *Clementz-McBeth v. Craft*, 3d Dist. Auglaize No. 2-11-16, 2012-Ohio-985.  In *Clements-McBeth,* we upheld the restriction because the testimony was that the respondent had threatened the petitioners that he would kill them while holding a gun and specifically stated

---

[1] We note that 18 U.S.C. 922(g) has been recognized as unconstitutional as applied and is currently the subject of proposed legislation in the U.S. House and Senate.  See *Binderup v. Attorney General United States of America*, 836 F.3d 336 (3d Cir. 2016), *Keyes v. Lynch*, 195 F.Supp.3d 702 (M.D. Pa. 2016), 2017 Cong. U.S. HR 4142 and 2017 Cong. U.S. S 2009 for the latest versions.  The constitutionality of the federal statute is not before this court, so we need not address it.

that "I have a gun. I can kill you.". *Id.* at ¶ 35. Since the conduct specifically was related to firearms, this court found a sufficient nexus between the restriction on access to firearms and the conduct to be prevented. *Id.* at ¶ 36. *See also Elkins v. Reed*, 5th Dist. Stark No. 2013CA0091, 2014-Ohio-1217 (holding that as there was a sufficient nexus between the threats made and the restriction on firearms, the restriction was permissible). However, in cases where there was no sufficient nexus between the conduct and the firearm restriction, the restriction has not been permitted. *See Newhouse v. Williams*, 167 Ohio App.3d 215, 2006-Ohio-3075, 854 N.E.2d 565, ¶ 16 (3d Dist.) (holding that when no evidence was presented that respondent had threatened to use a deadly weapon or even owned a deadly weapon, a restriction on possession of a firearm was not supported by the evidence); *Lerner v. Giolekas*, 8th Dist. Cuyahoga No. 102768, 2016-Ohio-696, ¶ 51-52; and *Boals v. Miller*, 5th Dist. Ashland No. 10-COA-039, 2011-Ohio-1470.

{¶8} Here, no testimony was presented that Stone even owned a firearm. No testimony was presented that he had ever threatened Cee with a deadly weapon. According to the trial court, the only reason that the restriction was present was because it was on the preprinted form. Without a nexus between the offending conduct and the restriction, Stone's constitutional right to bear arms may not be restricted. The second assignment of error is well taken.

{¶9} Having found error in some, but not all, of the particulars assigned and argued, the judgment of the Court of Common Pleas of Union County is affirmed in part and reversed in part. The matter is remanded for further proceedings in accord with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part,*
*And Cause Remanded*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**