[Cite as *M.M.T. v. T.A.T.*, 2017-Ohio-9126.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [M.M.T.], | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-407 |
| v. | : | (C.P.C. No. 13DR-3329) |
| [T.A.T.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 19, 2017

**On brief:** *Grossman Law Offices, Andrew S. Grossman* and *Susan M. Suriano,* for appellant. **Argued:** *Susan M. Suriano.*

**On brief:** *Harry Lewis Co., L.P.A.,* and *Gregg R. Lewis,* for appellee. **Argued:** *Gregg R. Lewis.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Plaintiff-appellant, M.M.T., mother, appeals from a March 5, 2015 Decision and Judgment Entry–Decree of Divorce ("Divorce Decree"), and the April 29, 2016 decision and judgment entry denying her motion for a new trial of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the following reasons, we reverse the trial court and remand with instructions to modify the Divorce Decree.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} The following facts and procedural history are pertinent to this appeal. The parties were married on June 24, 2006, and have two sons born of the marriage, C.T. (DOB: 05/01/2009) and M.T. (DOB: 07/18/2011). Appellant filed her complaint for divorce on September 6, 2013. On July 16, 2014, a guardian ad litem ("GAL") was

appointed on behalf of the children.  The GAL's final report was filed on October 17, 2014, and recommended, in relevant part:

> Father shall not consume alcohol, marijuana nor any other narcotic or drug of abuse at least 12 hours prior to, nor during, any parenting time. He shall not consume or use any prescription drug at least 12 hours prior to, nor during, any parenting time unless such drug has been lawfully prescribed and is taken in conformity with the legally issued prescription.
>
> Father should begin counseling with a therapist specializing in the treatment of alcoholism until said therapist no longer believes Father needs to attend such counseling.

*Id.* at 8. No such alcohol related restriction was recommended for appellant.

{¶ 3}   This matter came for trial on February 18, 2015. The Divorce Decree was filed March 5, 2015. In its decision, the trial court designated appellant as legal custodian-residential parent of the minor children and ordered that appellee shall have parenting time as follows:

> [E]very other weekend from 8:00 a.m. Saturday until 8:00 p.m. Saturday and 8:00 a.m. Sunday to 6:00 p.m. Sunday. Defendant may exercise [his] parenting Saturday overnight on his weekends **at his mother residence and if his mother is present.** * * *
>
> In addition, the Defendant may have time with the boys from after school or 3:00 p.m. until 8:00 p.m. every other Monday evening following the Plaintiff's weekend and every Wednesday evening.

*Id.* at 19-20.

{¶ 4}   In the Divorce Decree the trial court goes into great detail as to its substance abuse concerns related to appellee and the evidence presented at trial.  (Divorce Decree at 7-9, 12; *see also* Tr. at 8-19, 63-77, 103.) The trial court noted, in addition to numerous other findings, that (1) appellee admits that despite two OMVIs and some other much earlier drug-related charges, he continues to consume alcohol and get behind the wheel of a car, (2) when the parties' youngest child was just four days old, appellee passed out while feeding him a bottle, (3) appellee was assessed at a substance abuse facility, but failed to follow through with the recommendation for outpatient services, and (4) appellee

kept marijuana in the home even after the children were born. The trial court states that the evidence indicates that appellee has a problem with alcohol and concludes that:

> The evidence presented herein gives concern that Defendant continues to abuse alcohol and/or marijuana and denies any associated problem with the abuse of these substances and his ability to safely care for the parties' young boys. This evidence has weighed heavily in the determination of the parenting rights and responsibilities herein. Successful completion of treatment may constitute change of circumstances for modification of parenting time or allocation of parental rights and responsibilities.

*Id.* at 9.

{¶ 5} With regard to appellant, she testified that she does not have an alcohol or drug problem and has never been impaired around her children. (Tr. at 112.) Appellee did not dispute this testimony. The trial court found that "[t]here are no stated concerns about [appellant's] mental or emotional health. During the parties' marriage, [appellant] smoked marijuana on isolated occasions and she would drink socially. There is no evidence that [appellant's] use of marijuana or alcohol affected her ability to safely parent the boys." (Divorce Decree at 7.)

{¶ 6} Despite this specific finding, the trial court ordered that "*[n]either* parent shall consume or use alcohol * * * at least 12 hours prior to, or during any parenting time session with the children [hereinafter "alcohol restriction"]." (Emphasis added.) (*Id.* at 20.)

{¶ 7} On March 27, 2015, appellant filed a motion for new trial on the limited issue regarding the restriction of her use of alcohol. On April 28, 2016, the trial court issued its decision and judgment entry, simply stating that "[t]he Court hereby DENIES Plaintiff's *Motion*." (Emphasis sic.)

## II. ASSIGNMENT OF ERROR

{¶ 8} Appellant appeals, assigning the following errors:

> [I.] THE TRIAL COURT ERRED, ABUSED ITS DISCRETION, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ORDERING APPELLANT SHALL NOT CONSUME OR USE ALCOHOL AT LEAST 12 HOURS PRIOR TO OR DURING ANY PARENTING TIME SESSION.

[II.] THE TRIAL COURT ERRED, ABUSED ITS DISCRETION, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN DENYING APPELLANT'S MOTION FOR NEW TRIAL PURSUANT TO CIV.R. 59(A)(6).

## III. STANDARD OF REVIEW

{¶ 9} Appellant argues that the trial court abused its discretion and that the court's ruling in regard to the alcohol restriction as to appellant is against the manifest weight of the evidence. We note that " '[t]he trial court is vested with broad discretion to decide matters relating to the allocation of parental rights and responsibilities for the care of minor children, and its decision is subject to reversal only upon a showing of an abuse of that discretion.' " *Parker v. Parker*, 10th Dist. No. 05AP-1171, 2006-Ohio-4110, ¶ 23, quoting *Donovan v. Donovan*, 110 Ohio App.3d 615, 618 (12th Dist.1996). "Abuse of discretion" connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An "unreasonable" decision is one that is not supported by a sound reasoning process. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157 (1990).

{¶ 10} In reviewing the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Lanfranc v. Lanfranc*, 5th Dist. No. 05CA11, 2005-Ohio-4715, ¶ 11. "A decision is not against the manifest weight of the evidence where some competent, credible evidence supports the trial court's findings." *Lorey v. Lorey*, 10th Dist. No. 16AP-14, 2016-Ohio-5949, citing *Taub v. Taub*, 10th Dist. No. 08AP-750, 2009-Ohio-2762, ¶ 15, citing *Pearson v. Pearson*, 10th Dist. No. 96APF08-1100 (May 20, 1997), citing *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990).

## IV. DISCUSSION

{¶ 11} Appellant alleges that the trial court erred, abused its discretion, and ruled against the manifest weight of the evidence in (1) requiring her to comply with the alcohol restriction, and (2) not granting her motion for a new trial on the alcohol restriction issue.

{¶ 12} Appellant argues that by the trial court's own findings, "[t]here is no evidence that [appellant's] use of * * * alcohol affected her ability to safely parent the

boys." (Divorce Decree at 20.)   In addition, there was no concern at trial or any time during the case about appellant's use of alcohol and no evidence was presented to the trial court to support the restriction as to appellant.  Also, because the trial court granted sole custody of the children to appellant, and ordered appellee to have restricted parenting time, appellant essentially has the children almost all of the time.  Thus, in order to be in compliance with the trial court's order, appellant would almost never be able to have a glass of wine with dinner or enjoy a champagne toast at a wedding until the youngest child, born in 2011, reaches the age of majority.  Thus, appellant argues it is an abuse of discretion and against the manifest weight of the evidence to prohibit her from partaking in this legal activity.

{¶ 13} By way of persuasive authority, appellant points us to our case of *State v. White*, 10th Dist. No. 14AP-1027, 2015-Ohio-3844, noting that appellate courts review the appropriateness of sanctions for an abuse of discretion. *Id.* at ¶ 5. In *White*, the offender pled guilty to receiving stolen property, a fifth-degree felony, and was sentenced to community control with a condition prohibiting that she consume illegal drugs or alcohol. On appeal, we found that the trial court abused its discretion in ordering the condition of no alcohol. *Id.* at ¶ 18. We found "no evidence that [the appellant] has an issue with drugs and alcohol," and determined that the alcohol prohibition "is not related to criminal conduct." *Id.* at ¶ 17. Similarly, appellant argues that several appellate districts have found it is an abuse of discretion to impose a no alcohol restriction in a civil protection order if there is no evidence of alcohol abuse. *See Diana F.-S. v. Pacek*, 9th Dist. No. 14CA0108-M, 2015-Ohio-4310, ¶ 17; *Boals v. Miller*, 5th Dist. No. 10-COA-039, 2011-Ohio-1470, ¶ 19; and *Maag v. Maag*, 3d Dist. No. 16-01-16, 2002-Ohio-1401.  Appellant argues that the same method of review mentioned in the cases above should be applied in this case.

{¶ 14} Our review shows that appellant testified that she does not have an alcohol or drug issue and has never been impaired around her children. Appellee does not dispute appellant's testimony and offers no contrary evidence or allegation, nor is there concern made by the GAL that appellant has an alcohol issue that should prohibit her from lawfully consuming alcohol prior to or during parenting time.  In fact, the trial court specifically found that "[t]here is no evidence that [appellant's] use of * * * alcohol affected her ability to safely parent the boys." (Divorce Decree at 7.) We note that the trial court's

Divorce Decree does not point to any evidence in the record, nor give any rationale or argument for requiring appellant to be subject to the alcohol restriction.

{¶ 15} Our review shows that the trial court's decision in this regard is unreasonable and that there was no competent, credible evidence presented to support the alcohol restriction as to appellant. Thus, the restriction on appellant's use of alcohol is both an abuse of discretion and against the manifest weight of the evidence. Appellant's first assignment of error is sustained and we remand the case to the trial court with instructions to modify the Divorce Decree to remove the alcohol restriction as to appellant. As such, appellant's second assignment of error is rendered moot.

## V. DISPOSITION

{¶ 16} For the foregoing reasons, appellant's first assignment of error is sustained and the second assignment of error is rendered moot. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand the case with instructions to modify the Divorce Decree to remove the alcohol restriction only as to appellant.

*Judgment reversed; case remanded with instructions.*

BROWN and SADLER, JJ., concur.

————————————